**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

J.O.A.,

               Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.  22-30

Agency No.  A213-016-684

**O R D E R**

Before:    TASHIMA, CHRISTEN, and SUNG, Circuit Judges.

Respondent's unopposed petition for panel rehearing [Dkt. 49.1] is granted.

The memorandum disposition filed September 21, 2023 [Dkt. 46], 2023 WL

6157403, is withdrawn and replaced by the amended memorandum disposition

filed concurrently with this order.

No further petitions for rehearing may be filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

J.O.A.,

                Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No. 22-30

Agency No. A213-016-684

AMENDED MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 18, 2023
Pasadena, California

Before:    TASHIMA, CHRISTEN, and SUNG, Circuit Judges.

Petitioner J.O.A., a native and citizen of Mexico, petitions for review of a

decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the

removal order entered by the Immigration Judge (IJ). The IJ denied his application

for asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252.  We deny his petition as to asylum and withholding, but we grant the petition as to his CAT claim.

**1.** The BIA did not err in concluding that Petitioner failed to establish the cognizability of his proposed social group.  *See Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021) ("Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012))).  It is true that "[e]vidence such as country conditions reports, expert witness testimony, and press accounts of discriminatory laws and policies, historical animosities, and the like may establish that a group exists and is perceived as 'distinct' or 'other' in a particular society." *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (quoting *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014)).  However, as in *Diaz-Torres*, Petitioner's evidence does not establish that Mexican society views his proposed social group as distinct.  Instead, his evidence "paints a picture of all segments of the Mexican population being adversely affected by the brutality of drug cartels" and "indicates that almost anybody can be targeted by the drug cartels." *Id.* at 981.  We therefore deny the petition as to Petitioner's asylum and withholding of removal claims.

2

**2.** We grant the petition as to the CAT claim. Petitioner's evidence, including his testimony, his declaration, the psychological evaluation, and the medical evaluation, establishes that he was subjected to torture. Four armed men took him from his home and beat him to try to coerce him to work for the drug cartel. When he reported the incident to the police, they said they could not do anything, and an officer advised him to leave the city because the cartel members would not leave him alone. A few years later, several armed men took Petitioner from his home, tied him up, forced him to watch another man being burned alive and threatened to do the same to him, burned him with cigarettes, cut his finger to the bone, shot him in the leg, and threatened to ensure he could never work as a mechanic again. The police again told him they could not do anything and told him to leave and not return because his name was on the "blacklist," which was described as a list of people the cartel sought to execute. The medical and psychological evaluations confirm the physical and psychological consequences of these events.

Petitioner thus has established that he suffered torture, which is "defined as any act that intentionally inflicts 'severe pain or suffering' on a person for the purposes of obtaining information or a confession; punishment; intimidation; coercion; or discrimination." *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020)

(quoting 8 C.F.R. § 208.18(a)(1)). He also has established acquiescence by government officials, which "requires only that [they] were aware of the torture but remained willfully blind to it, or simply stood by because of their inability or unwillingness to oppose it." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (quoting *Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008) (internal quotation marks omitted) (alteration in original)).) The police officers' responses established their inability and unwillingness to oppose the torture, and their advice that Petitioner simply leave because he was on the cartel's blacklist shows that "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). "[W]here torture is sufficiently likely, 'CAT does not permit any discretion or provide for any exceptions.'" *Cole*, 659 F.3d at 770 (internal quotation marks omitted) (quoting *Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010)); *see Davila*, 968 F.3d at 1144 ("An applicant for CAT relief need not show that []he will be tortured on account of any particular ground.") (alteration in original). We therefore grant the petition as to the CAT claim and remand to the BIA for further proceedings in light of our determination that J.O.A. established that it is more likely than not that he would be tortured with the acquiescence of a public official if removed to Mexico.

4

**3.** Petitioner failed to establish that his due process rights were violated. He has not established that "the challenged proceeding 'was so fundamentally unfair that [he was] prevented from reasonably presenting [his] case,'" and that "the outcome of the proceeding may have been affected by the alleged violation." *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (alteration in original) (first quoting *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010); and then quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)). Although the IJ asked many questions, the questions for the most part were aimed at clarifying issues the IJ was concerned about. The record thus does not indicate that the IJ was acting as "a partisan adjudicator seeking to intimidate the [alien] and his counsel." *Reyes-Melendez v. INS*, 342 F.3d 1001, 1007 (9th Cir. 2003) (alteration in original) (quoting *Colmenar*, 210 F.3d at 971).

The petition for review is

**GRANTED in part, DENIED in part, and REMANDED.**

5